IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 02-30028 |
| ) | |
| KEENAN L. JACKSON, ) | |
| ) | |
| Defendant. ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on the Federal Defender's Office's Motion to Withdraw as Counsel (d/e 68) (Motion to Withdraw). On December 17, 2007, Jackson filed a pro se Motion under 18 U.S.C. § 3582(C)(2) for Modification of Sentence (d/e 67). The Court appointed the Federal Defender's Office to represent Defendant in connection with the Motion for Modification of Sentence. Text Order entered February 8, 2008.

Title 18 U.S.C. § 3582(c)(2) provides that a court may not modify a term of imprisonment once it has been imposed except:

[I]n the case of a defendant who has been sentenced

1

> to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

A reduction is not consistent with applicable policy statements if "the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline [e.g., a career offender override] or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)." U.S.S.G. § 1B1.10, comment n.1(A).

Jackson was sentenced on December 16, 2002, by United States District Judge Richard Mills, to 262 months imprisonment. A Revised Presentence Report (d/e 25) (PSR) was prepared by the United States Probation Office in anticipation of sentencing. The PSR recommended that Jackson be classified as a career offender under U.S.S.G. § 4B1.1. According to the PSR, Jackson had a prior felony conviction involving the distribution of controlled substances and a prior violent felony conviction for robbery. At sentencing, Jackson objected to the PSR's career offender classification.

2

The Court overruled Jackson's objection, after reviewing state court records relating to the predicate offenses, and adopted the findings of the PSR. Minute Entry, dated December 16, 2002. Thus, Jackson's Guideline range was determined based on the fact that he was a career offender. See U.S.S.G. § 4B1.1. As such, the Federal Defender has concluded that the retroactive Amendment would not apply to Jackson, and thus, asks for permission to withdraw as his counsel. Motion to Withdraw, ¶ 3.

THEREFORE, for the reasons set forth above, the Deputy Federal Defender's Motion to Withdraw as Counsel (d/e 68) is GRANTED. Defendant is allowed to pursue this matter pro se. Defendant shall file with this Court no later than April 11, 2008, a pleading that either: (a) concedes that the Amendment does not apply because he was found to be a career offender, or (b) explains why the Amendment applies in spite of the fact that he was found to be a career offender. The Court will defer ruling on Jackson's pro se Motion under 18 U.S.C. § 3582(C)(2) for Modification of Sentence (d/e 67) until after that date.

IT IS THEREFORE SO ORDERED.

ENTER: March 11, 2008

FOR THE COURT:

s/ Jeanne E. Scott
JEANNE E. SCOTT
UNITED STATES DISTRICT JUDGE