IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 02-30028 |
| | ) | |
| KEENAN L. JACKSON, | ) | |
| | ) | |
| Defendant. | ) | |

OPINION

RICHARD MILLS, United States District Judge:

Pending is Defendant Keenan L. Jackson's motion to reduce sentence under the Section 404(b) of the First Step Act.

As directed, the Government has filed a response.

I.

The Fair Sentencing Act of 2010 amended 21 U.S.C. § 841(b)(1)(A) and (b)(1)(B) to increase the amount of crack cocaine a violation of § 841(a) must involve in order to trigger mandatory minimum and accompanying statutory maximum sentences set forth in §§ 841(b)(1)(A) and (B). Prior to the Fair Sentencing Act, an offense involving at least 50 grams of crack cocaine triggered a 10-year mandatory minimum and a statutory maximum penalty of life imprisonment, while an offense involving 5 grams of crack cocaine triggered a 5-

1

year mandatory minimum and a statutory maximum of 40 years imprisonment. *See Dorsey v. United States*, 567 U.S. 260, 266 (2012); 21 U.S.C. § 841(b)(1)(A)(iii), (B)(iii) (2006 ed.).

Following the enactment of the Fair Sentencing Act, it takes 280 grams of crack to trigger § 841(b)(1)(A)(iii)'s 10-year mandatory minimum and 28 grams of crack to trigger § 841(b)(1)(B)(iii)'s 5-year mandatory minimum. *See Dorsey*, 567 U.S. at 269. The Supreme Court determined that the Fair Sentencing Act applied to any defendant who was sentenced after August 3, 2010. *See id*. at 281. It did not apply retroactively to defendants sentenced prior to that date. *See id*.

Section 404 of the First Step Act makes the changes to § 841(b)(1)(A)(iii) and (B)(iii) by section 2 of the Fair Sentencing Act retroactive. Specifically, § 404(a) defines a covered offense as a "violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372), that was committed before August 3, 2010." Section 404(b) of the First Step Act states "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed." Section 404(c) includes two limitations on the Court's authority to impose a reduced sentence, neither of which is applicable in this case.

## II.

Following the Defendant's guilty plea to possession of more than 50 grams of crack cocaine with intent to distribute and based on a prior felony drug conviction, the Defendant faced a mandatory minimum sentence of 20 years' imprisonment and a statutory maximum sentence of life imprisonment pursuant to 21 U.S.C. § 841(b)(1)(A)(iii). The Defendant was sentenced to 262 months' imprisonment followed by 10 years' supervised release.

Because the Defendant's offense involved at least 50 grams of crack cocaine, the penalty for his conviction was set by § 841(b)(1)(A). Following the enactment of the Fair Sentencing Act of 2010, it takes 280 grams of crack cocaine to trigger the 10-year mandatory minimum sentence. The Defendant's offense was committed before August 3, 2010, and it is therefore a covered offense as defined in § 404(a) of the First Step Act. Therefore, the Court may "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed."

The Government states that while the Court may be authorized to reduce the Defendant's sentence under Section 404 of the First Step Act of 2018, the Court is not required to reduce his sentence. Because the sentencing guidelines have not changed, the Government claims the Court should not reduce the sentence.

III.

The Defendant's offense involved 50.2 grams of crack. Under the reduced penalties of the Fair Sentencing Act, the Defendant would be facing a mandatory 5-year term and 40-year statutory maximum. Because a § 851 notice of prior conviction was filed, those penalties are increased to a mandatory minimum of 10 years and maximum of life.

In his motion, the Defendant notes that his career offender status is based on a prior conviction for possessing less than one gram of crack and less than 10 grams of marijuana when he was 18, and a robbery conviction in which the offense was committed two months later. Based on a statutory maximum of life, his guideline range was 262 months to 327 months' imprisonment.

Because of the Government's filing of the § 851 notice, the Defendant's statutory maximum remains life which means that his career offender guideline range remains the same. However, the Defendant notes that the one change since the Defendant was originally sentenced in 2002 is that the guidelines are no longer mandatory.

The Government notes that some courts have held that a sentence reduction under 18 U.S.C. § 3582 is not authorized in circumstances such as this when, although a conviction might be for a "covered offense," a reduction would still not

4

be authorized when the guideline level remains the same. The court in *United States v. Glover*, 377 F. Supp.3d 1346, 1354 (S.D. Fla. 2019) stated as follows:

> The Court finds that because Defendant remains accountable for 87.98 grams of crack cocaine, remains a Career Offender, and remains subject to a Section 851 enhancement, he is not entitled to a sentence reduction under Section 3582(c)(1)(B). Applying Section 2 of the Fair Sentencing Act retroactively, Defendant's convictions now fall under Section 841(b)(1)(B) because he is accountable for 28 grams of crack cocaine but less than 280 grams. Based upon the Section 851 enhancement, the statutory range of imprisonment under Section 841(b)(1)(B) is 10 years to life. Because the maximum statutory term of imprisonment remains life imprisonment, as a Career Offender the Defendant's offense level is still 37, his criminal history remains at Criminal History Category VI, resulting in the same guideline range of 360 months to life imprisonment. See U.S.S.G. § 4B1.1. Consequently, reduction of the Defendant's sentence is not authorized under Section 3582(c)(1)(B), the First Step Act of 2018, and the Fair Sentencing Act of 2010. See United States v. Moore, 541 F.3d 1323, 1330 (11th Cir. 2008) (holding that reduction of sentence under Section 3582(c)(2) was not authorized because the retroactively applicable guideline amendment did not affect the defendants' status as a career offender under Section 4B1.1, and therefore did not lower the applicable guideline range).

*Id*. at 1361.

The Court believes that it has the authority under § 3582(c)(1)(B) to impose a reduced sentence, as some courts have found. *See United States v. Shelton*, 2019 WL 1598921, at *2 (D.S.C. Apr. 15, 2019). In *Shelton*, the district court noted that "[s]ection 404 of the First Step Act expressly authorizes by statute changes to the penalty range for certain long-final sentences." *Id*. at *2. The court stated that section 404 of the First Step Act must be read in conjunction with other statutes, including § 3582(c). *See id*. Section 3582(c)(1)(B) provides a means to give effect

to the retroactive changes in the First Step Act in allowing for the modification of a sentence when "expressly permitted by statute," as the First Step Act does here. *See id*. at *3.

The Court also agrees that "nothing in the First Step Act conditions eligibility for a reduced sentence on a lowered guideline range." *Id*. at *2. Courts are authorized to impose a reduced sentence when application of the fair Sentencing Act results in a lower statutory range. *See id*. Therefore, a defendant may be considered for a reduced sentence when his mandatory minimum is lowered, even if his guideline range has not changed. *See id*. In determining whether a reduced sentence is appropriate, a court should "consider the new statutory range, the guideline range, the factors in 18 U.S.C. § 3553(a), and evidence of post-sentencing mitigation." *Id*.

The Defendant was sentenced when the sentencing guidelines were mandatory. Now the guidelines, including the career offender guideline, are advisory. *See Hawkins v. United States*, 706 F.3d 820, 822-23 (7th Cir. 2013). Accordingly, the Court can consider whether a reduction is appropriate.

The Defendant has been incarcerated in connection with this offense since March 28, 2002. That amounts to about 17 years and 7 months. He was 26-years old at the time of sentencing. The two career offender-qualifying offenses were committed two months apart from one another when he was 18. The Defendant is now 43. The Defendant's Commentary notes that Defendant has earned a number

of certificates for completing course work in prison, which are attached to the Defendant's previous motion for a sentence reduction under the Fair Sentencing Act [Doc. No. 102]. The Court lacked authority to reduce the Defendant's sentence under any of the previous retroactive amendments because of his career offender status. Moreover, the Court could not reduce the Defendant's sentence under the Fair Sentencing Act because it was not retroactive. That has changed with the First Step Act.

The Defendant's projected release date is February 21, 2021. A reduction to time served would reduce his sentence by approximately 16 months. Although a lengthy sentence was warranted, the Defendant contends he did not deserve a 22-year term when the particular circumstances of his career offender status are considered.

After carefully considering the Defendant's motion, the Court is unable to conclude that a reduction is appropriate. The Court recognizes that Defendant has made significant progress during his custodial term. Attached to the Defendant's previous motion are a number of certificates referencing his successful completion of various courses. He has also completed non-residential drug treatment and obtained his GED. The Court commends the Defendant for taking these steps which enhance the likelihood he will succeed upon his release.

According to the First Step Act Computation Worksheet, the Defendant also has at least twelve disciplinary infractions during his prison term. It is true that most of these occurred more than ten years ago. Several incidents might also be described as relatively minor infractions. However, a few violations do qualify as serious. These include fighting with another person in 2003, assaulting without serious injury in 2006, possessing intoxicants in 2009 and threatening bodily harm in 2013. The Defendant's only infraction within the last five years is the possession of an unauthorized item earlier this year.

The Court recognizes that Defendant was very young when he committed this offense, which barely involved 50 grams of crack. Moreover, one of his career offender-qualifying convictions involved possession of less than one gram of crack and less than 10 grams of marijuana. That offense, along with a robbery, occurred when he was 18. The robbery involved the Defendant possessing a firearm while he and another individual entered the home of a man they were attempting to rob.

The Court understands the Defendant is not the individual he was when he was 18 or when he committed this offense at 26. It is admirable that he has taken steps which will better equip to succeed when he is released in just over one year. Based on the Defendant's criminal history and the circumstances of this case, however, the Court finds that a reduction of his imprisonment term is not warranted.

Having determined that the Defendant qualifies under the First Step Act, the Court will reduce the Defendant's supervised release term from 10 years to 8 years.

Ergo, the motion of Defendant Keenan L. Jackson under 18 U.S.C. § 3582 to reduce sentence [d/e 110] and motion for reduced sentence under Section 404(b) of the First Step Act [d/e 113] are both DENIED, to the extent they seek a reduction of the Defendant's imprisonment term.

The motions are GRANTED to the extent that a reduction for the supervised release term is sought.

The Defendant's supervised release term is reduced from 10 years to 8 years.

The Clerk will send a copy of this Order to the United States Probation Office and prepare a Judgment.

ENTER: October 25, 2019

FOR THE COURT:

/s/ *Richard Mills*

Richard Mills
United States District Judge